# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: The Petition of Stephen Shawn Krein
for Expungement of Records**

No. 13-0694 (Kanawha County 13-P-230)

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stephen Shawn Krein, by counsel Michael T. Clifford, appeals the Circuit Court of Kanawha County's May 24, 2013, order denying his petition for expungement of records. The State of West Virginia, by counsel Stephen B. Revercomb, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 23, 2013, petitioner filed in circuit court a petition to expunge all records of twenty-five misdemeanor charges for which he was never convicted and for which the statute of limitations has now expired. These misdemeanor charges arose out of events on November 1 and 25, 2008. The States advises that the charges include fleeing police in a vehicle, fleeing police on foot, assault on a police officer, battery on a police officer, reckless driving, providing false information to a police officer, and violation of bond.

Without holding a hearing, the circuit court denied the petition in its May 24, 2013, order. The circuit court found no good cause or other justification to grant the request, and that expungement is not appropriate.

Pursuant to West Virginia Code § 61-11-25, a circuit court has the statutory authority to expunge records of dismissed criminal charges. However, even if criminal charges are dismissed, there is nothing in the statutory language that mandates expungement. In fact, subsection (d) of the statute, which provides that the court "may" grant the motion for expungement, clearly signals that expungement is at the court's discretion. The charges against petitioner, although misdemeanors, were numerous and serious. This Court is unable to state that the circuit court abused its discretion in denying the petition.

Petitioner also argues that the court should have held a hearing before ruling upon his petition. However, West Virginia Code § 61-11-25(c) provides that whether to hold a hearing is

1

within the court's discretion. Petitioner does not identify any evidence or argument that he would have presented during a hearing that was not already set forth in his written petition. Accordingly, we find no abuse of discretion in the circuit court's decision to rule without holding a hearing.

Affirmed.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II